## Commonwealth v. Sheffer, Appellant.

*Criminal law—Murder—Evidence—Circumstantial evidence.*

In a murder trial, the fact that some of the evidence offered to prove the corpus delicti is circumstantial, is no objection to the competence or conclusiveness of the evidence.

Argued May 21, 1907. Appeal, No. 322, Jan. T., 1906, by defendant, from judgment of O. & T. York Co., April T., 1906,

No. 38, on verdict of guilty of murder of the second degree in case of Commonwealth v. Howard Sheffer. Before MITCH-ELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ. Affirmed.

Indictment for murder. Before BITTENGER, P. J.

At the trial it appeared that the defendant was indicted for killing his infant son, who was about nine months old. There was evidence which tended to show that the defendant had struck the child and called it a bastard, and manifested ill will towards it. There was also evidence that the child suffered from fracture of the skull with resulting inflammation of the brain, causing its death.

The court refused binding instructions for the defendant.

Verdict of guilty of murder of the second degree, upon which the prisoner was sentenced to imprisonment for twenty years.

*Errors assigned* were (1) refusal of binding instructions for defendant and (2–6) various instructions.

*Allen C. Wiest,* with him *Joseph R. Strawbridge,* for appellant.

*James G. Glessner,* district attorney, for appellee, was not heard.

PER CURIAM, May 27, 1907 :

The assignment of error on which the main argument is made is that there was no sufficient proof of the corpus delicti. But the evidence left no doubt that the child died from injuries to its head, resulting in a fracture of the skull, and the real issue was whether these injuries were the result of accident or were willfully inflicted by the prisoner. There was abundant evidence to take the latter question to the jury. It is true that some of it was circumstantial, but that was no objection to its competence or its conclusiveness : Com. v. Johnson, 162 Pa. 63 (69).

The other assignments are mainly detached portions of the charge, and do not require separate notice. The issue, as already said, was whether the injuries causing death were ac-

cidental, or intentional, and if the latter whether they were inflicted by the prisoner. The charge was a full and careful review of the whole case, and put the issue before the jury clearly in several passages, including the following: "Now, before the jury can find defendant guilty of any crime at all charged in this indictment, they must be satisfied, and beyond a reasonable doubt, that a crime was committed, and that this child was murdered: . . . . but they must be satisfied beyond a reasonable doubt that these injuries were sufficient to cause the death, and that they were inflicted by this defendant, that these injuries were the act of the defendant in this case." And again, "In this, as in every other case, the defendant should not be convicted unless you are satisfied of the guilt of the defendant beyond all reasonable doubt. Circumstantial evidence in a criminal case ought to be carefully scrutinized, and it ought to be such evidence to convict as is entirely inconsistent with the defendant's innocence; such evidence as cannot be consistent with guilt; such evidence as cannot be held to show anything but the guilt of the defendant." And again, "Was the child murdered, or was it an accident? Did anybody murder this child? is the first question. The next question is, Did this defendant murder this child? and are you satisfied beyond a reasonable doubt that he did so deliberately and with malice aforethought? If you are satisfied beyond all reasonable doubt that he did, then he is guilty of murder of the first degree. But if, without any malice aforethought, he struck the child in sudden anger, and the child died as the result thereof, then he is not guilty of murder of the first degree, but guilty of murder of the second degree. But then, if not guilty of murder of the first or second degree, you may find him guilty of manslaughter, if you are satisfied beyond a reasonable doubt that he committed the act which led to the death of this child . . . . from an injury inflicted within ten days before its death." The prisoner's rights were thus carefully guarded at every point.

The judgment is affirmed and the record remitted for purpose of execution.