# Commonwealth *v.* Puglise, Appellant.

*Criminal law—Murder—Expert testimony—Evidence—Physical facts—Opinion as to suicide—Coroner—Physician.*

1. Where facts can be made known and are not of such character as to require opinion, the necessary deductions must be drawn by the jury.

2. If the conclusion must be based on skill or knowledge, derived from special training, a qualified expert should be permitted to state his opinion.

3. Where it appears in a murder trial that the coroner, a physician, had performed an autopsy on the deceased, and had found certain physical facts from which he based an opinion that death had been caused from strangulation as a result of the deceased's own act, such an opinion should be admitted in evidence.

*Criminal law—Murder—Corpus delicti—Evidence — Confession of defendant—Suicide.*

4. In a murder trial, where there is evidence that the deceased committed suicide, the fact that a crime had been committed must be proved beyond a reasonable doubt, before a confession of the prisoner can be considered by the jury.

Argued January 3, 1923.    Appeal, No. 22, Oct. T.,
1922, by defendant, from judgment of O. & T. Jefferson
Co., Aug. T., 1922, No. 1, on verdict of guilty of murder
of the first degree, in case of Commonwealth v. Jim
Puglise.    Before MOSCHZISKER, C. J., FRAZER, WALLING,
SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.    Reversed.

Indictment for murder.    Before CORBET, P. J.
The opinion of the Supreme Court states the facts.
Verdict of murder of the first degree on which judgment of sentence was passed.    Defendant appealed.

*Errors assigned,* inter alia, were various rulings and
instructions sufficiently appearing by the opinion of the
Supreme Court, quoting record.

*Owen J. Roberts,* for appellant.

*Walter E. Morris,* District Attorney, and *Charles J.
Margiotti,* with him *Lex N. Mitchell,* for appellee.

OPINION BY MR. JUSTICE SADLER, January 29, 1923:
Sylvester Carlisi was found hanging to a limb of a
tree in front of his house.    His body was suspended from
a point so low that his knees touched the ground.    Puglise, the defendant, was on good terms with the deceased,
and friendly with another Italian, Muzzeralla, shown to
have a grudge against the brother of the dead man.    The
two, accused of the murder, were jointly indicted, but a
severance in the trial was granted.    A verdict of murder
of the first degree was found against Puglise, and, on
this appeal, it is insisted errors were committed by the
court below in its refusal of certain evidence, and its
answers to points for charge.

It was questioned whether death was the result of a
felonious act, or a suicide.    The coroner, a physician
with a medical experience of more than twenty years,

had made a preliminary investigation and a report to the county authorities. His autopsy disclosed physical facts which led him to the belief that the deceased killed himself. The closed jaws, with the tongue inside and not protruding, the appearance of the eyes, and the unbroken windpipe, convinced him that death had occurred from strangulation as a result of the deceased's act. An offer was made on the trial to prove the conclusion reached by the expert. This was held to be inadmissible, on the theory that the conditions were capable of description, and the jury could form its own opinion as to what had occurred. Though suggested in other assignments, the question of the correctness of the ruling is best presented by the eighth, and, in discussing this phase of the case, it alone need be referred to.

The rule in Pennsylvania undoubtedly is that, where facts can be made known, and are not of such character as to require opinions, the necessary deductions must be drawn by the jury. On the other hand, if the conclusion must be based on skill or knowledge, derived from special training, then the qualified expert should be permitted to state his decision: Com. v. Crossmire, 156 Pa. 304.

Here, the ordinary individual could not say whether the evidence indicated death was the result of external force applied by others, or the act of Carlisi in hanging himself with a rope. It was therefore proper that the opinion of those who presumably had some knowledge of such matters should have been submitted to the jury. The court below should have permitted the coroner to give his conclusion as to the way in which strangulation was probably effected, and the eighth assignment of error is therefore sustained.

One other complaint, which we think is justified, must be referred to. An examination of the record leads to the belief that counsel for the defendant was of the opinion that the corpus delicti had been properly proven, in which case the confession of the defendant Puglise,

was a matter for consideration by the jury. The defendant was, however, entitled to an affirmance of the fifth point presented. Evidently, the trial judge was under the impression that the instruction asked was directed to the order of proof, rather than the burden resting upon the Commonwealth to furnish, irrespective of the admission of Puglise, sufficient evidence to show a homicide.

Before a conviction can be had, it must always appear, beyond a reasonable doubt, that death was caused as a result of some felonious act, and if this is shown, then the agency of the defendant in committing the crime may be made evident by his voluntary declarations. We do not mean to say that the prosecution must necessarily call witnesses to negative the idea of suicide, but if, under the circumstances developed by the evidence produced, a doubt as to the cause of death is disclosed, then the court should instruct the jury to consider this question, disregarding any confession admitting guilt: Gray v. Com., 101 Pa. 380. "The jury should first pass upon the sufficiency of the evidence of the corpus delicti, and if it satisfies them beyond a reasonable doubt that the crime has been committed, then they are at liberty to give the confession such weight as it is entitled to, taking into view the circumstances surrounding it and the extent to which it has been corroborated. All the law requires is that the corpus delicti shall be proved as any other fact, that is, beyond a reasonable doubt, and that doubt is for the jury": 7 R. C. L. 777. As was said in the Gray Case, supra, p. 386, "While it is familiar law that a confession is not evidence in the absence of proof of the corpus delicti, yet I am not aware of any case which holds that the corpus delicti must first be proved beyond the possibility of doubt. It is a fact to be proved like any other fact in the cause, and be found by the jury upon competent evidence. The true rule in such cases is believed to be this: When the Commonwealth has given

sufficient evidence of the corpus delicti to entitle the case to go to the jury, it is competent to show a confession made by the prisoner connecting him with the crime. Under such circumstances, the jury should first pass upon the sufficiency of the evidence of the corpus delicti. If it satisfies them beyond a reasonable doubt that a crime has been committed, then they are at liberty to give the confession such weight as it is entitled to, taking into view the circumstances attending it, and the extent to which it has been corroborated. There is no rule of criminal law which requires absolute certainty about this or any other question of fact. If it were otherwise, it would be impossible to convict of any offense in any case. All the law requires is that the corpus delicti shall be proved as any other fact, that is, beyond a reasonable doubt, and that doubt is for the jury": See also, Ruloff v. People, 18 N. Y. 179; Campbell v. People (Ill.), 42 N. E. 123.

In the present case, the fifth point was based on the law as stated in Gray v. Commonwealth, supra. The learned court below evidently misunderstood its purport, and therefore declined to affirm. It did, in effect, state the true rule in the charge, but we cannot say that the jury may not have been misled by the answer which was given, and we must, therefore, necessarily sustain the first assignment of error.

The conclusions reached make unnecessary any discussion of the other complaints made, which are largely duplications of the fundamental errors above noted.

The judgment is reversed with a venire facias de novo.