Commonwealth *v.* Danarowicz, Appellant.

Argued September 24, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Louis F. McCabe,* with him *Alex. D. Eisenhauer,* for appellant.—The letter writing by Mrs. Cossy was not admissible in evidence: State v. McFarland, 83 Atl. 993.

The note written by defendant immediately after the death of his wife, and left by him at the scene of her death, was not admissible as part of the res gestæ: Gray v. Com., 101 Pa. 380; Com. v. Werntz, 161 Pa. 591; Com. v. Gardner, 282 Pa. 458; Com. v. Puglise, 276 Pa. 235.

*Vincent A. Carroll,* Assistant District Attorney, with him *John Monaghan,* District Attorney, for appellee, cited: Batdorff v. Bank, 61 Pa. 179; Com. v. Racco, 225 Pa. 113; Com. v. Pava, 268 Pa. 520; Com. v. Dorst, 285 Pa. 232; Com. v. Henderson, 242 Pa. 372.

OPINION BY MR. JUSTICE SADLER, November 26, 1928:

The defendant, Danarowicz, was convicted of murder of the first degree. He was married and resided in the City of Philadelphia, and, though divorced from his wife, had entered into formal marital relations with her, and so lived for many years. The illegality of their union does not, however, affect the determination of the questions raised by this appeal. His relations with the dead woman, generally known as his wife,

had been of a more or less friendly character, though at the trial, now asked to be reviewed, evidence of frequent quarrels was offered, and proof was given of threats to kill within a short time of her death, a pistol, provided by him for this purpose, having been taken from his person by a neighbor a month before.

On the morning of April 14, 1928, the dead body of the deceased was found by her children stretched on a couch in the living room of the home. Death had resulted from a bullet which had entered her head, fired at such distance as not to singe the hair, and from such a position as to negative, in the mind of the examining coroner, the possibility of self-infliction. By her side, attached to a nail in the wall, was a note, admittedly written by the defendant, though not signed, in which it was stated, in part, that he had killed his wife, and asking that "God help him and forgive." In explanation of this statement, the prisoner at the trial testified that he had previously accused his wife of intimacy with another man, and, as a result of this charge, he believed she had committed suicide, for which he felt morally responsible. He claimed that, from the adjoining hallway, he saw his wife shoot herself, whereupon he placed her body upon the couch. Without calling aid, he left the house, but returned some hours later, secured some clothing, and then left for New York. Subsequently, he went to Washington, going from that point to Detroit, where, after a considerable interval, he was found, arrested and taken to Philadelphia to answer the charge of murder.

As part of the case for the Commonwealth, the letter of defendant, found near the body, was admitted in evidence, and properly so. "Writings may become admissible as part of the res gestæ when they are incidents of a transaction and, in contemplation of law, a part thereof": 10 R. C. L. 981. "Facts as well as declarations may form parts of the res gestæ, and be admissible for that reason, though the most frequent instances of the appli-

cation of the principle consist of declarations........ [They] include all facts and circumstances which are incidents of a particular litigated act, and which are illustrative of such act and, in contemplation of law, are part of the act itself": 10 R. C. L. 982. "In applying the broad general principle, no logical distinction can be drawn between statements and acts, for, in reality, except so far as relates to the truth of the assertion, a verbal act does not essentially differ from any other. The rule is, therefore, that, where the making of a statement in controversy, or the doing of an act, assists in constituting the transaction or in proving per se a relevant fact, the declaration or act is competent": 22 C. J. 446. "[Such evidence] is not confined to proof of the act charged, but includes acts, statements, occurrences and circumstances forming a part or a continuation of the main transaction": 16 C. J. 573.

Articles found near the remains of the deceased are on this theory admissible, such as weapons (16 C. J. 618; Com. v. Coles, 265 Pa. 362), wearing apparel (16 C. J. 620), foot-prints (10 R. C. L. 993), or other real evidence explanatory of the occurrence: 16 C. J. 550, 618. So are statements put in writing by the accused, although not amounting to a confession: 16 C. J. 626. Circumstances occurring at the time which tend to show guilt (Com. v. Gardner, 282 Pa. 458) are admissible, as are inconsistent statements then made by the accused: Com. v. Werntz, 161 Pa. 591. The self-incriminatory note found beside the body, and admittedly written by the prisoner, was clearly admissible, as would have been proof of its contents had it been destroyed: Com. v. Henderson, 242 Pa. 372.

It is urged by appellant that at the most the paper received in evidence was in reality a confession, and the court therefore erred in refusing two points presented in which it was asked to instruct the jury that it must be satisfied beyond a reasonable doubt of the commission of a felonious act, and of the proof of the corpus delicti,

before the note which admitted guilt could be considered. The court refused to affirm the requests submitted since the paper was received as part of the res gestæ. Though tending to show the responsibility of defendant for the act committed, it was not offered as an admission of guilt, and, in this conclusion, we see no error.

It is ordinarily true that before a defendant's confession of responsibility for the crime can be weighed by the jury, it must appear that some criminal act has been committed, or, as has been frequently stated, the corpus delicti must be first proven (Com. v. Gardner, supra; Com. v. Pugliese, 276 Pa. 235), yet such fact may be established by circumstances: Gray v. Com., 101 Pa. 380; Com. v. Sheffer, 218 Pa. 437; Com. v. Johnson, 162 Pa. 63. In the present case, there was sufficient evidence of an unlawful killing, and that the death was not the result of self-destruction. As a confession, the paper would, therefore, have been for consideration of the jury, though, if so treated, defendant could properly demand the jury be advised that it must first be convinced, beyond reasonable doubt, of the commission of a crime before considering the contents to determine the guilty actor. Under the circumstances here presented, such instruction was not required, as the note duly identified was properly received as part of the res gestæ, a fact connected in time and place with the offense itself, and the self-incriminatory statements, made therein by the prisoner, were matters for the jury in determining his guilt or innocence. The paper was not offered as a confession, and the rule set forth in appellant's points had no application. The fifth and sixth points were therefore properly refused, and the fourth and fifth assignments of error, based thereon, are overruled.

The remaining complaints relate to the admission in evidence of a letter from a widow, Mrs. Cossy, sent to the defendant while he was a fugitive, and which signified some degree of intimacy. This communication, though addressed to her sister's husband, one Troskey, with

whom Danarowicz was residing in Detroit, was in fact a note to the defendant, and made use of expressions indicative of intimate relations with him. It referred to the fact that she had already received four letters from the prisoner after his flight from Philadelphia.

The letter reads as follows: "Philadelphia, Pennsylvania, April 28, 1928, my dear Bennie: I have received four letters from you and was very glad you have not forgotten me and think of me; my Bennie, in this letter you will find ten dollars, that is all I can spare you as I didn't get paid yet. I am going to Mom's house tomorrow on the excursion and I'll see what I can do. I'll let you know as soon as possible. I am very sorry that we have to be apart for a while yet. But it cannot be helped. Your brother is trying his darnest to make trouble for me, but he can't do anything. And Bennie darling, I am afraid to sell that furniture as it isn't all paid for yet, and if they find me after they sell it they will put me in jail, which won't be very pleasant for the both of us. Now, there is nothing else interesting to say, so I'll close my letter with lots of love and kisses to my dearest and I hope to see you soon again. Give my best regards to Vera and John and their kiddies and write often. I love you, so now, good-bye. My dearest Bennie I remain, your loving Maria."

When the defendant was examined he at first denied the receipt of any such communication. The writing itself was then produced and offered to contradict the statements made by defendant in chief, and thus affect his credibility. For the purpose presented, it was clearly receivable (Com. v. Garanchowski, 251 Pa. 247; Com. v. Pava, 268 Pa. 520; Henry on Trial Evidence, 520), though it brought to the attention of the jury facts therein set forth. This would be true though it indicated guilt of other crimes, a fact which ordinarily cannot be shown: Com. v. Dorst, 285 Pa. 232. "It is always permissible to cross-examine a witness concerning matters which tend to impeach his credibility,......

even though such questions may incidentally develop irrelevant facts prejudicial to the other party. The witness may also be questioned for the purpose of testing his knowledge and accuracy, or his honesty and fairness or to show motive......He may also be questioned concerning matters which tend to cast suspicion on the party's case": Henry on Trial Evidence, 535, 536. When properly admitted, the purpose not being limited, the testimony offered to contradict the statements made by the witness could be considered in its entirety (Batdorff v. Farmers Nat. Bank, 61 Pa. 179), though it indicated the reason which led to the commission of the act in question: Com. v. Goersen, 99 Pa. 388; Com. v. Weiss, 284 Pa. 105.

The learned court below in his charge told the jury to consider whether the defendant was telling the truth when he stated deceased committed suicide, the prisoner having insisted at the trial that she had killed herself because accused of intimacy with another man. It was asked to pass upon the truth of this assertion, and, if false, to find whether the real reason for the killing was his loss of affection for the deceased, and determine if there was any proof of relations with Mrs. Cossy, he having denied his communications with her. There was also in evidence a photograph taken with the woman in question, found in his possession in Detroit, and also proof that she had furnished him with money. The examination as to the latter likewise forced the admission that when the prisoner fled to Detroit he sought refuge in her sister's house. All of these facts were proper for consideration by the jurors as indicating a possible motive. No instruction was given to take as true the statements contained in the letter, properly offered to affect credibility, though they were permitted to weigh all of the evidence in the case to determine whether any relations existed between the two as indicating a reason for the killing of the deceased. We cannot see that defend-

ant was in any way prejudiced by the portion of the charge here complained of.

A careful examination of the record discloses ample evidence to justify the finding by the jury of guilt of murder of the first degree, and no trial errors. or erroneous instructions have been pointed out, which would justify the ordering of a new trial.

All of the assignments of error are overruled, the judgment is affirmed, and the record is remitted for the purpose of execution.