Commonwealth *v.* Smith, Appellant.

Argued October 23, 1933.

Before KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Alvin L. Little,* and with him *Harry W. Petriken,* for appellant.—Secondary evidence is not admissible until the proper ground is laid.

*J. Colvin Wright,* and with him *Horace Michener Schell* and *R. W. Lins,* District Attorney, for appellee.

Opinion by Parker, J., February 1, 1934:

The defendant having been convicted and sentenced on a charge of arson appealed to this court, when a new trial was ordered (105 Pa. Superior Ct. 497, 161 A. 418). She was again tried and convicted of the same crime and from the sentence thereon has appealed a second time to this court. The questions raised here are within a narrow compass, appellant contending that the corpus delicti was not proven by competent evidence.

The indictment, substantially in the words of the Act of April 25, 1929, P. L. 769, §1 (18 PS 3021), charged that Mollie Smith wilfully, maliciously, and feloniously did "aid, counsel, procure and cause the burning" of a certain dwelling house. As in all criminal proceedings it was incumbent upon the Commonwealth to show (a) an injury or loss, (b) a criminal agency, and (c) that the defendant was the responsible party (Com. v. Gardner, 282 Pa. 458, 462, 128 A. 87). The contention of the Commonwealth was that Mollie Smith procured one Thomas M. Fisher to burn, and caused him to burn, a dwelling house. The corpus delicti was shown by circumstantial evidence and by admissions of the defendant. The ap-

pellant contends that the felonious burning could only be proved by offering in evidence the record of a judgment of the court of oyer and terminer of the county showing that Fisher had been convicted of such felonious burning. The usual procedure in such cases is to offer the record for the purpose of proving a criminal agency, and it was properly suggested by the trial court that such was the well established practice, but the district attorney, for some reason not apparent, disregarded the suggestion and sought to establish such material facts by other evidence.

There was sufficient evidence to sustain the conviction. It was shown that this defendant proposed to insure to the limit and did have a large amount of insurance on her personal property in the building that was burned and that she warned the owner of the building to take out more insurance because "anything might happen." At another time she made a statement that the place would go up in smoke and nobody would know how, and that she was going to spend the winter in Florida and Bermuda and would be gone a year. The night of the fire her apartment and restaurant in the building were not occupied, Thomas Fisher having driven her the afternoon before in his car to Langdondale where he left her. After the fire he went down and brought her back when they were in each other's company in a restaurant drinking coffee. The building, which was also occupied by another tenant, burned in the early hours of the morning. The fire started suddenly and spread with great rapidity, burning with a blue flame. Thomas Fisher made a written confession charging that the defendant had procured him to burn the building and promised him a reward. The defendant was taken by a state policeman to Bedford where she, in Fisher's presence, was confronted with the written confession and where he orally repeated the charge. She became very red in the face and excited, but said noth-

ing for some time when she asked permission to talk with Edward H. Bryant alone, and they left the room together. There Mrs. Smith became very much agitated and profane, among other things saying that she "could take a knife and stick it in his [Thomas Fisher's] guts" without being affected. She also stated that she had been double-crossed, that Fisher was a "squealer," and that she would tell the whole story if she thought she could trust the witness. At another time she said Fisher was a damn liar.

There is no general rule now in force that the best evidence must be introduced before inferior evidence; there are only certain special rules as to special classes of cases: Wigmore on Evidence, §§1173 and 1174. Familiar examples of such auxiliary rules are those that require the production of documents as proof of the contents of such writings unless not possible, feasible, and so forth, and rules requiring the production of attesting witnesses in certain cases. In the case of Buck v. Com., 107 Pa. 486, 489, 490, Mr. Justice PAXSON said: "The authorities show that the guilt of the principal felon may be proved by the record of his conviction, or by evidence aliunde." Also see Com. v. Minnich, 250 Pa. 363, 366, 95 A. 565. The corpus delicti is proven where the circumstances attending the loss are consistent with crime, although they may also be consistent with accident: Com. v. Johnson, 162 Pa. 63, 29 A. 280; Com. v. Puglise, 276 Pa. 235, 238, 120 A. 401; Com. v. Gardner, supra, p. 238. It is to be remembered that it is not enough to show a loss, but the loss must be "consistent with a criminal act before a conviction will be sustained." The corpus delicti may be shown by circumstantial evidence: Gray v. Com., 101 Pa. 380; Com. v. Johnson, supra, p. 69; Com. v. Sheffer, 218 Pa. 437, 67 A. 761. Undoubtedly it was necessary to prove beyond a reasonable doubt each element essential to sustain a criminal

conviction. Considering the case of Com. v. Gardner, supra, with the case of Gray v. Com., supra, the jury were entitled to consider the admissions of the defendant when they were convinced beyond a reasonable doubt that the building was burned not by accident but by a criminal agency.

On the trial of the case counsel for the appellant, in objecting to the receipt of the so-called secondary evidence, said: "We desire to add further to our objection that the records of the court of oyer and terminer of Bedford County show that one Thomas M. Fisher was convicted by a verdict of the jury charged with the felonious arson of the building mentioned in the indictment, and judgment of this court was entered upon that verdict." This was an admission on the record. In addition we had the circumstances of the fire to which we have referred and the admission of Fisher in the presence of the defendant. Under such circumstances there was not any error in admitting the admissions of the defendant.

The judgment of the lower court is affirmed and it is ordered that the defendant, Mollie K. Smith, appear in the court below at such time as she may be there called and that she be by that court committed until she has complied with the sentence, or any part of it, which had not been performed at the time the appeal in this case was made a supersedeas.