Commonwealth *v.* Fisher, Appellant.

Argued June 9, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Alvin A. Woerle,* for appellant.

*Ralph J. Althouse, Jr.,* Assistant District Attorney, with him *W. Richard Eshelman,* District Attorney, for Commonwealth, appellee.

Opinion by Flood, J., September 17, 1964:

The defendant has appealed his conviction of abortion upon the ground that there was no evidence that any improper drug was administered and Doctor Sexton, the Commonwealth's medical witness, testified that he could not tell, on the basis of the physical examination of the victim, taken alone, that there had been an induced abortion.

The lay witnesses did not see what drug the defendant used upon the victim or how it was used. Indeed they did not see or know whether he used any drug upon her. Their testimony is, however, ample, if believed by the jury, to warrant the conclusion that the defendant inserted some substance in the girl's vagina for the purpose of inducing an abortion. The girl's father testified that he brought her to the defendant, told him that his daughter was pregnant and asked him whether he would perform an abortion and the defendant agreed to do so. The mother testified that a few days later she, with her husband and daughter, visited the defendant's office and he then stated that he would not use a knife, but would just inject "a solution of some kind" and that they should look for bleeding and the foetus would be expelled. After the husband left the room, the defendant told the girl to get on the table, but nothing was done at that time because the mother expressed concern about the lack of sanitary facilities and refused to permit the defendant to proceed. However, the next evening the girl and her father returned to the office. The girl testified that her father at that time told the defendant they would go through with it and left the room after which the doctor inserted a liquid into her vagina, gave her some pills, packed her with cotton and instructed her not to remove it from her vagina until she got home "so that this liquid he would insert would not all come out". She said that during the next fifteen days she

visited the defendant's office seven times with her father and the same procedure, injecting liquid into her vagina and inserting cotton pads, was repeated. On her final visit on November 23rd he told her that the foetus would pass that day and did not inject any liquid. The foetus did pass that evening. The girl suffered excessive bleeding during the next week but the defendant never visited her despite numerous calls. On November 30th, she was taken to the hospital and treated by Dr. George Sexton, Jr.

From this testimony, if believed, the jury could conclude that the defendant inserted some substance in the girl's vagina for the purpose of procuring an abortion, and that an abortion was induced as a result.

Dr. Sexton, whose qualifications in the field of gynecology and obstetrics were admitted, testified that in his opinion this was an induced abortion. Upon cross-examination he admitted that he could not make this diagnosis from the physical examination alone. However, based upon the full clinical findings, which he defined as the history, physical examination and laboratory examination, his opinion was that this was an induced abortion and not a spontaneous one. In view of the testimony of the victim, her father and her mother as to the history, Dr. Sexton's opinion was properly admitted into evidence and could be considered by the jury in determining whether or not the girl's abortion was induced by the action of the defendant. He was not cross-examined as to whether the history he received from the girl was in any way different from that testified to by her and her parents.

In any event, the testimony of the girl and her parents that the defendant agreed to perform an abortion, that he would do so by inserting liquid only, that liquids were inserted over a period, that he prophesied that there would be an abortion, that on November 23rd he prophesied that it would occur that day and

that it did so, is sufficient to sustain the conviction without any medical testimony. See *Commonwealth v. Felgoise,* 129 Pa. Superior Ct. 74, 194 A. 751 (1937). There is no requirement for expert testimony if the evidence is otherwise sufficient. See 1 Am. Jur. 2d Abortion §34.

The judgment of conviction is affirmed, and it is ordered that appellant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with his sentence or any part thereof which had not been performed at the time the order of supersedeas was entered.