Commonwealth *v.* Nelson, Appellant.

Argued November 26, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Edward A. Kelly,* with him *Thomas D. McBride,* for appellant, cited, as to self-defense: Com. v. Colandro, 231 Pa. 343; Com. v. Palmer, 222 Pa. 299; Cathcart v. Com., 37 Pa. 108; Com. v. Elliott, 292 Pa. 16; Com. v. Johnson, 213 Pa. 432; Com. v. Ware, 137 Pa. 465.

*Charles C. Gordon,* Assistant District Attorney, with him *John Monaghan,* District Attorney, for appellee, cited as to self-defense: Com. v. Colandro, 231 Pa. 343; Com. v. Palmer, 222 Pa. 299.

OPINION BY MR. JUSTICE WALLING, January 7, 1929:

This appeal is by the defendant, Mattie Nelson, from sentence on conviction of voluntary manslaughter. She and Frank Day, the deceased, colored people, lived at 708 South Seventh Street, Philadelphia, as husband and wife. When he returned home about noon on October 18, 1927, they quarreled, at first up stairs and then down

stairs, where she grabbed a butcher knife and stabbed him to the heart. No one saw the occurrence, but a scream or outcry was heard and defendant at once came from the house with the bloody knife in her hand and said she stabbed him. Day came to or near to the door where he stood for a moment and then fell to the floor. She threw away the knife but was immediately apprehended and turned over to officers who took her back to the house where she told them she had killed Day, but gave no explanation. He was removed to a hospital and died in a few minutes. Later, defendant stated to a detective that she killed Day in a fight; also that he had called her foul names and had struck her up stairs and followed her down stairs and struck her again. There was, however, no mark of violence upon her person. At the trial, the defendant offered no evidence; but on this appeal raises several highly technical questions, none of which has substantial merit.

The Commonwealth asked the detective about a conversation with defendant at the hospital and not as to the contents of a statement signed by her later at the police station. That was brought out by the defendant, who could not force the district attorney to offer the statement in evidence. The trial judge, however, sustained an objection as to cross-examination about some matter contained in the statement. Whether this was right or wrong is immaterial, for by further cross-examination, every material matter therein was brought to the attention of the jury. Undoubtedly, where one party offers part of a conversation, the other is entitled to bring out the balance and the defendant was fully accorded that right. The Commonwealth was not required to put in evidence the statement made by the defendant some time after the homicide, containing self-serving declarations, nor did the neglect to do so constitute an improper withholding of evidence. "The extent to which the prosecuting attorney shall question any witness is in his discretion; and where the examination ceases with a few gen-

eral questions, defendant has no right to demand that the prosecuting attorney shall examine the witness as to the full details of the crime": 16 C. J. 848.

The circumstances indicated a felonious homicide for which no excuse was offered save the defendant's self-serving statements made to the detective. In view of these statements the trial judge properly instructed the jury as to the law of self-defense, stating the familiar rule that it was an affirmative defense which must be established by the weight of the evidence. Mr. Justice Brown (later chief justice), speaking for the court, in Com. v. Palmer, 222 Pa. 299, 300, says: "If there be a reasonable doubt that any offense has been committed by the prisoner, it operates to acquit, but if the evidence clearly establishes the killing by the prisoner purposely, with a deadly weapon, an illegal homicide of some kind is established, and the burden then falls upon the prisoner and not the Commonwealth, to show that it was excusable as an act of self-defense. If, then, his evidence leaves his extenuation in doubt, he cannot be acquitted of all crime, but must be convicted of homicide in some of its grades, of manslaughter at least." This is a restatement of the rule announced by Mr. Justice Agnew, in the Drum Case (58 Pa. 9, 22). In other words, the taking of a human life is presumed to be unlawful (Cathcart v. The Commonwealth, 37 Pa. 108, 112), and the burden of proof is upon him who sets up an excuse for so doing. Defendant can not escape that burden merely because the proof relating thereto was brought out on cross-examination. As to that, the present chief justice, speaking for the court, in Com. v. Colandro, 231 Pa. 343, 349, says: "Where a defendant sets up self-defense and undertakes to establish his excuse, the evidence relied upon, whether it comes from his side, or from the Commonwealth's side, or from both (Wharton on Homicide, 3d ed., pp. 552-553), must, when weighed, show by its fair preponderance the extenuation sought to be established, in order to acquit: Com. v. Palmer, 222 Pa. 299."

The trial judge, in effect, told the jury that before taking life it was the defendant's duty to retreat and avail herself of any opportunity of escape which a reasonable person could see. True, he also said it was her duty to take any avenue of escape, omitting the word "reasonable." Even with such omission, the instruction was not error (see Com. v. Breyessee, 160 Pa. 451, 456; Com. v. Mitchka, 209 Pa. 274), and considering, as we must, this branch of the charge as a whole, the defendant has no ground of complaint. The word "reasonable" applies to the person rather than to the avenue of escape. See Com. v. Johnson, 213 Pa. 432. The latter case also holds that where both parties are lawfully in the house, as in the instant case, the rule as to the right of self-defense against an intruder, is inapplicable.

The trial judge was within his rights in cautioning the jury to be guided by the facts and not led away by artful technicalities or impassioned oratory on either side. The propriety of such caution depends upon the atmosphere of the trial and is largely a matter for the discretion of the presiding judge.

After cautioning the jury not to be swayed by sympathy, the trial judge added: "The defendant is a woman. That of course should make no difference in the manner of your approach and consideration of this case. Frank Day is dead. He is not here to tell his story. She is alive; she is here on trial." This, appellant urges, was a reference to the fact that defendant was not called as a witness. We are not satisfied it was so intended or so understood by the jury. The language used was along the border line and might well have been omitted, but we are not convinced it transgressed the rule.

The question of granting a new trial was one for the discretion of the lower court and the record discloses nothing to warrant our interference.

The judgment is affirmed and the record is remitted that the sentence may be carried out.