## Commonwealth *v.* Brusky, Appellant.

Argued March 16, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, SPAULDING, and CERCONE, JJ. (HOFFMAN, J., absent).

*John R. Merrick,* Assistant Public Defender, for appellant.

*Thomas G. Ashton,* Assistant District Attorney, with him *M. Joseph Melody, Jr.,* Assistant District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, J., June 22, 1971:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Chester County by the defendant-appellant, Linda Brusky; and from the denial of a new trial by the court below.

The defendant was charged with the larceny of wallets containing an undetermined amount of money from the house trailer of the alleged victim, Clyde Nichols. She was also charged with burglary. A demurrer was sustained on this charge and she was convicted by the jury of larceny. She was sentenced to a probationary term of four (4) years on November 20, 1970.

The record discloses a very unusual set of circumstances involving the alleged victim, a very confused man of 74 who was not sure whether he lost, mislaid or had stolen wallets containing a large sum of money; the amount of which he was not able to remember. The defendant, Linda Brusky, who was 18 at the time of the trial, was just as confused as Nichols.

Nichols operated a trailer park occupied by fourteen trailers, five of them owned by him. He was hopelessly confused as to the amount of money missing. At the time he discovered the loss, he even advertised the loss in the newspapers. The defendant lived in a house trailer in this camp. She went to the police station

and gave a full and complete confession of the theft. She repudiated her confession at the trial saying it was given for the purpose of getting into prison so she could receive medical attention as she was pregnant and so she could get even with a girlfriend who she implicated in the confession and who, as a result was arrested but discharged.

The only other evidence besides the evidence of the victim concerning the loss or theft was purchases made at local stores and that she was in the possession of a substantial sum of money. The evidence was introduced without proof of her prior pecuniary condition. The principal contention of the appellant is that the Commonwealth failed to establish the corpus delicti; and that if there was circumstantial evidence to establish a prima facie case, the court erred in failing to caution and charge the jury that the corpus delicti must be established to their satisfaction beyond a reasonable doubt before they could consider the confession in arriving at her guilt.

Corpus delicti means the body of the crime or the fact that a crime has been committed. "Corpus delicti, like any other factual matter, may be proved by circumstantial evidence. Com. v. Smith, 111 Pa. Superior Ct. 363, 170 A. 331 (1934); Com. v. Saurbaugh, 194 Pa. Superior Ct. 346, 168 A. 2d 638 (1961). It is sufficient if the circumstances are consistent with the crime even though they are also consistent with innocence. Com. v. Kravitz, 400 Pa. 198, 161 A. 2d 861 (1960)." *Commonwealth v. Gibson,* 201 Pa. Superior Ct. 573, at page 578.

The corpus delicti is to be proved like any other fact and it may be shown by circumstantial evidence. The corpus delicti cannot be established by a confession. It must be established before the confession is considered. *Commonwealth v. Puglise,* 276 Pa. 235,

120 A. 401 (1923). "The fact that a crime has been committed by someone must be shown before the confession will be received." *Commonwealth v. Gardner,* 282 Pa. 458, 128 A. 87 (1925).

We agree with the court below that the proof of the disappearance of the wallets containing money alleged to have been stolen was consistent with crime, as well as with loss and that there was circumstantial evidence including the possession of a substantial sum of money and of purchases made with substantial sums just after the loss of the wallets from which circumstances the court could and did find that a prima facie case was made out by the Commonwealth and from which the court below, as a matter of law, was justified in holding that a jury from this circumstantial evidence might find proof of the corpus delicti beyond a reasonable doubt. The admission of the confession was then proper.

The court in its charge emphasized that the confession was voluntary which, in fact, was never an issue, but carefully and properly pointed out that in considering the truthfulness of the confession the credibility of the defendant was in issue. The question being whether she was telling the truth when she signed the confession or at the time she repudiated it in Court. The confession was emphasized throughout the charge, without any cautionary charge as to when it could be considered.

The reason for the principle that an extrajudicial confession may not be received until the corpus delicti has first been established is to prevent the conviction on the confession alone for obvious reasons. So long as this principle remains there can be no consideration of an extrajudicial confession by the jury unless there is independent proof of corpus delicti beyond a reasonable doubt. The admission of the confession by the

court is not a conclusive factor. The jury may not consider the confession as evidence of defendants' guilt, unless the Commonwealth evidence has first convinced the jury beyond a reasonable doubt that the corpus delicti, a fact to be proved like any other fact, has been established. If the jury, therefore, in this case after considering the circumstantial evidence relating to corpus delicti is satisfied beyond a reasonable doubt that the crime was committed, then it is at liberty to give the confession its proper weight.

"The purpose of the rule is to prevent conviction on extrajudicial confession when, in fact, no crime was committed. In practice, the rule requires that the jury may not consider such confession as evidence of defendant's guilt of the crime charged, unless the Commonwealth shall have produced evidence sufficient to convince the jury beyond a reasonable doubt that the crime charged was committed by someone. Even though it was determined that the evidence of the corpus delicti was sufficient to go to the jury, the burden still remained on the Commonwealth to show beyond a reasonable doubt on the whole record, which then included the confession, that defendant committed the felonious act.

"This application of the rule is in accord with our cases. It has been considered and applied in many familiar cases from Gray v. Commonwealth, 101 Pa. 380, 386, to Commonwealth v. Turza, 340 Pa. 128, 134, 16 A. 2d 401. In the course of his instructions to the jury the learned trial judge affirmed a point presented on behalf of the defendant: 'Before the jury can give any consideration to the confession of the defendant, it must first be satisfied beyond a reasonable doubt that the infant child allegedly murdered is in fact dead and that such death was caused by criminal agency.'" *Commonwealth v. Lettrich*, 346 Pa. 497, 31 A. 2d 155 (1943), at page 502.

In *Commonwealth v. Burns,* 409 Pa. 619, 632, 187 A. 2d 552 (1963), it was held that: "The Commonwealth in establishing its proof of the corpus delicti and the defendant as the felon, must prove every element necessary to make out the crime beyond a reasonable doubt. Whether the Commonwealth has met this burden is first a matter of law for the trial judge, and if there is sufficient evidence produced, it must be submitted to the jury for its consideration with proper instruction, so that the jury may be adequately and knowingly informed of its duties and the requirements of the law. The jury properly instructed, must decide whether the Commonwealth has met its burden." See also, *Commonwealth v. Leslie,* 424 Pa. 331, 227 A. 2d 900 (1967).

This was a very close case, to say the least, as the facts were very confusing so that defendant was most certainly entitled to a very careful charge on corpus delicti to prevent conviction on the confession alone.

The judgment of sentence is reversed and a new trial granted.