386 A.2d 53

COMMONWEALTH of Pennsylvania

v.

George W. STOLLE, Appellant.

Superior Court of Pennsylvania.

Argued Dec. 14, 1977.

Decided April 28, 1978.

484

David R. Eshelman, Assistant Public Defender, Reading, for appellant.

J. Michael Morrissey, District Attorney, Reading, submitted a brief for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that his pleas of guilty were not voluntarily and knowingly entered. We agree and would, therefore, vacate the judgment of sentence and grant appellant a trial.

On January 15, 1975, appellant entered pleas of guilty to forgery[1] and indecent assault.[2] The court sentenced appellant to a one to two year term of imprisonment on the indecent charge and to a consecutive six to thirty-six month term of imprisonment on the forgery charge. On March 17, 1977, appellant filed a petition to withdraw his guilty pleas.[3] On April 27, 1977, the lower court denied appellant's petition and this appeal followed.

Appellant alleges that the record does not establish that his guilty pleas were voluntarily and knowingly entered because it does not reflect the lower court's compliance with Pa.R.Crim.P. 319, 19 P.S.Appendix. Rule 319(a) precludes acceptance of a guilty plea unless a colloquy appears on the record which establishes that the defendant's plea is voluntarily and understandingly made.[4] The Comment to the Rule states that at a minimum the judge must ask questions to elicit the following information:

"(1) Does the defendant understand the nature of the charges to which he is pleading guilty?

"(2) Is there a factual basis for the plea?

"(3) Does the defendant understand that he has the right to trial by jury?

1. The Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1, effective June 6, 1973; 18 Pa.C.S. § 4101.

2. The Crimes Code, supra; 18 Pa.C.S. § 3126.

3. On March 13, 1975, appellant filed a Post Conviction Hearing Act petition, Act of January 25, 1966, P.L. (1965) 1580, § 1, effective March 1, 1966; 19 P.S. § 1180–1 et seq. In it he alleged, inter alia, that his pleas were not voluntary and that his counsel was ineffective. After a hearing on June 6, 1976, the lower court dismissed the petition. On December 20, 1976, in a per curiam order, our Court remanded the instant case to the lower court with instructions to permit appellant to file a petition to withdraw his guilty pleas nunc pro tunc.

4. Rule 319(a) Pa.R.Crim.P. provides:
"A defendant may plead not guilty, guilty, or, with the consent of the court, nolo contendere. The judge may refuse to accept a plea of guilty, and shall not accept it unless he determines after inquiry of the defendant that the plea is voluntarily and understandingly tendered. Such inquiry shall appear on the record."

"(4) Does the defendant understand that he is presumed innocent until he is found guilty?

"(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

"(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?"

Moreover, Pennsylvania courts have frequently stated that "in order to insulate pleas from attack, a colloquy should be conducted which satisfies the court that the 'defendant understands the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offenses for which he is charged and the permissible range of sentences.' *Commonwealth ex rel. West v. Rundle,* 428 Pa. 102, 106, 237 A.2d 196, 198 (1968)." *Commonwealth v. Maddox,* 450 Pa. 406, 407–408, 300 A.2d 503, 504 (1973); *Commonwealth v. Jackson,* 450 Pa. 417, 299 A.2d 209 (1973). In *Commonwealth v. Ingram,* 455 Pa. 198, 203, 316 A.2d 77, 80 (1974), the Supreme Court held that: "a valid guilty plea may not be accepted in the absence of a demonstration of defendant's understanding of the charges. . . . In order to demonstrate that a defendant possesses such understanding, he certainly must be told more than just that he has been charged with murder or robbery, for example. While such terms clearly connote some meaning to the layman, this meaning does not always embrace the basic legal elements of the crime. If this were not the case, there would be no need for instructions to a jury on such points, for certainly, an average defendant cannot be presumed to understand more than an average juror. Thus, for an examination to demonstrate a defendant's understanding of the charge, the record must disclose that the elements of the crime or crimes charged were outlined in understandable terms."

Recently, in *Commonwealth v. Willis,* 471 Pa. 53, 369 A.2d 1190 (1977), the Supreme Court reiterated the holding in *Ingram,* supra, and held that failure to satisfy the minimal requirements as set forth in the cases and in the comment to Pa.R.Crim.P. 319, will result in reversal.

In the instant case, the following colloquy occurred at the guilty plea:

"MR. BARO: [District Attorney] I believe the first count of forgery on Bill of Indictment 869 of 1974.

"MR. NOCH: [Public Defender] Right.

"MR. BARO: And then on the Bill of Indictment 939 of 1974, I believe the plea is to the second count, indecent assault.

"MR. DOUGHERTY: [Chief Adult Probation Officer] That is correct.

"MR. NOCH: Right.

"MR. BARO: And upon entry of his guilty plea to the charges, the District Attorney's Office would then move for the dismissal of the second count, criminal conspiracy on Bill of Indictment 869 of 1974 and also to the first count of criminal attempt on Bill of Indictment No. 939 of 1974. Am I correct on this, Mr. Dougherty."

"MR. DOUGHERTY: That is correct, sir.

"THE COURT: All right. Now, Mr. Stolle, do you understand what the facts are in the two charges against you, forgery and indecent assault?

"THE DEFENDANT: Yes, sir.

"THE COURT: And do you understand that you have the right to have your guilt or innocence on these charges determined by a jury trial, at which trial there is a presumption of innocence in your favor with the burden on the Commonwealth to prove your guilt beyond a reasonable doubt and at which trial you are entitled to be represented by counsel and counsel free to you if you cannot afford your own, do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: Further, do you understand that by pleading guilty, you are admitting the correctness of the charges and that you will be sentenced, the sentence could be as such as 10 years imprisonment on forgery and two years on the indecent assault, do you understand that, plus

substantial fines and imposition of court costs, do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: Let me ask whether you are making these pleas of your own free will?

"THE DEFENDANT: What, sir?

"THE COURT: Are you making these pleas of your own free will?

"THE DEFENDANT: Yes, sir.

"THE COURT: Have you consulted your counsel before doing so?

"THE DEFENDANT: Yes, sir.

"THE COURT: Have you talked with Mr. Noch about this matter?

"THE DEFENDANT: Yes, sir.

"THE COURT: I am satisfied that the defendant is pleading voluntarily, intelligently, and knowingly, and I will accept the pleas."

It is clear that the trial court failed to obtain a factual basis for the pleas. The court did not ask any questions designed to reveal what conduct by appellant resulted in the instant charges. In fact, the instant record is also barren of any outline or explanation of the elements of either offense charged. Finally, the court also failed to inform appellant that it is not bound by the terms of any plea agreement tendered unless it accepts such agreement. Because the on-the-record colloquy prior to the guilty pleas failed to comply with the requirements of Pa.R.Crim.P. 319 and Pennsylvania case law, we find that appellant's pleas were not voluntarily and knowingly entered. Therefore, we reverse and remand for trial. Judgments of sentence reversed and case remanded for a new trial.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

PRICE and VAN der VOORT, JJ., dissent.