413 A.2d 739

**COMMONWEALTH of Pennsylvania,**

**v.**

**Earl Lewis RICE, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted July 17, 1979.

Filed Nov. 2, 1979.

Petition for Allowance of Appeal Denied April 29, 1980.

Reargument Denied Feb. 15, 1980.

426

Charles M. J. Nester, Assistant Public Defender, West Chester, for appellant.

Joan D. Lasensky, Assistant District Attorney, West Chester, for Commonwealth, appellee.

Before WIEAND, NIX and WEKSELMAN, JJ.*

* Justice ROBERT N. C. NIX, Jr. of the Supreme Court of Pennsylvania, and Judge I. MARTIN WEKSELMAN of the Court of Common Pleas of Allegheny County, Pennsylvania, are sitting by designation.

WIEAND, Judge:

During the early morning of September 2, 1973, appellant, who was a juvenile, and a confederate observed a woman walking along the street and decided to snatch her purse. They charged the victim from behind and, as they ran past her, appellant grabbed her purse. The victim fell and struck her head on the sidewalk causing injuries which resulted in her death.

Appellant was convicted of murder in the first degree, robbery, theft by unlawful taking and criminal conspiracy. Following denial of motions in arrest of judgment and for a new trial, appellant was sentenced to life imprisonment for the offense of murder and five to ten years' imprisonment for the offense of robbery.

On direct appeal, the judgment of sentence was affirmed by an evenly divided Court. *Commonwealth v. Rice*, 477 Pa. 221, 383 A.2d 903 (1978). The issue which caused division among the Justices of the Supreme Court was whether the admission at trial of a confession given by appellant without prior opportunity to consult counsel or an interested adult was rendered harmless when appellant took the stand and reiterated the factual narrative contained in his confession. Justice O'Brien, in an opinion in support of affirmance joined by Chief Justice Eagen and Justice Pomeroy, held the error, if any, to be harmless. Justice Roberts and Justice Manderino wrote separate opinions in support of reversal arguing that the error was not harmless. Justice Nix joined the opinion written by Justice Manderino.

Appellant thereafter filed a pro se petition under the Post Conviction Hearing Act[1], in which he reasserted the same issues raised on direct appeal, i. e., the admissibility of his confession and the alleged ineffectiveness of trial counsel. Specifically, he said in his petition: "Trial counsel failed to suppress or object to statements. Also at the time the statements were made I was a juvenile under 18 and for the first statement I did not have an adult present to advise me

1. Act of January 25, 1966, P.L. (1965) 1580, No. 554, § 1, 19 P.S. 1180–1, et seq.

after my rights had been read to me. This fact was made known to my trial counsel but he (1) never filed a motion to suppress the statement (2) did not object to the introduction of the statements at my trial (3) did not advise me or counsel with me concerning my testimony at the *Jackson-Denno* hearing on the voluntariness of the statement." Counsel was appointed for appellant, an answer was filed by the Commonwealth, and a hearing was set for October 4, 1978. On that day, however, the trial court granted a Commonwealth motion to dismiss, and no testimony was heard or evidence received. The lower court did not specify the reasons for its action.

■ Initially, we note that, although the issues raised by appellant in his petition were presented to and considered by the Supreme Court on direct appeal, they have not been finally litigated under the Post Conviction Hearing Act, 19 P.S. 1180–4(a), because appellant's judgment of sentence was affirmed by an evenly divided court. See: *Commonwealth v. Holly*, 483 Pa. 371, 396 A.2d 1215 (1979); *Commonwealth v. Rightnour*, 469 Pa. 107, 364 A.2d 927 (1976). See also: *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). As such, these issues were properly before the lower court on appellant's P.C.H.A. petition.

■ Appellant claims that his trial counsel was ineffective for failing to advise him concerning the giving of testimony at the *Jackson-Denno* hearing. However, appellant has not articulated any prejudice that resulted from his failure to testify at such hearing. Neither has he indicated what testimony he would have given. At trial, for example, appellant testified that he had gone to the police station for the specific purpose of confessing and that he told his story to the police without any police persuasion. His written statement, moreover, recited that while at the police station he had been visited by his mother and father. In the absence of an averment of prejudice, therefore, the trial court correctly determined that appellant's claim lacked merit.

■ Appellant's contention that trial counsel was ineffective for failing to object, either in a pre-trial motion or at trial, to the introduction of appellant's statements is also without merit. The issues of voluntariness and admissibility of these statements were raised by trial counsel during trial, and the trial court interrupted the trial and conducted a hearing outside the presence of the jury. These same issues were preserved for subsequent appellate review and were in fact reviewed by the Supreme Court on appeal. It is clear, therefore, that appellant was not prejudiced in the least by counsel's failure to raise these issues in a pre-trial motion to suppress.

On appeal from the denial of appellant's P.C.H.A. petition, the issues of the voluntariness and admissibility of appellant's statement remain viable and must be considered further. The admissibility of appellant's statement has been challenged at every stage of the proceeding at which such a challenge could be made. Thus, it has not been waived; neither has it been finally litigated. See: *Commonwealth v. Holly*, supra.

■ This issue, however, can be reviewed and considered without remanding for an evidentiary hearing. The applicable rule of law is not new and has been decided on prior occasions by the Supreme Court. Unless and until the Supreme Court reverses prior precedent, we are required to follow the rule that "when a defendant takes the stand and reiterates the factual narrative contained in a confession claimed to be invalid . . . the admission into evidence of the alleged illegal formal confession, if error at all, is harmless error beyond a reasonable doubt." *Commonwealth v. Bridges*, 475 Pa. 535, 541, 381 A.2d 125, 129 (1977); *Commonwealth v. Hart*, 471 Pa. 271, 274, 370 A.2d 298, 300 (1977); *Commonwealth v. Cummings*, 466 Pa. 332, 334–35, 353 A.2d 381, 382 (1976). See also: *Commonwealth v. Saunders*, 459 Pa. 677, 331 A.2d 193 (1975); *Commonwealth v. Brittain*, 455 Pa. 562, 317 A.2d 219 (1974).

Thus, if we assume arguendo that appellant's statement should have been suppressed, existing law holds that since

he testified to the same facts at trial, he is not entitled to relief. The Supreme Court, of course, may change this rule of law. In the absence of such a change, no valid purpose exists for remanding the issue for an evidentiary hearing.

Order affirmed.