417 A.2d 698

**COMMONWEALTH of Pennsylvania**

**v.**

**Bradley Dennis SHOFF, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1979.

Filed Jan. 4, 1980.

* President Judge Francis J. Catania of the Court of Common Pleas of Delaware County, Pennsylvania, is sitting by designation.

Thomas G. Klingensmith, Assistant Public Defender, Lancaster, for appellant.

Edward F. Browne, Jr., Assistant District Attorney, Lancaster, for Commonwealth, appellee.

Before VAN DER VOORT, HESTER and WIEAND, JJ.

WIEAND, Judge:

Bradley Dennis Shoff was convicted of arson [1] by a judge sitting without jury. After post-trial motions had been filed by Shoff and denied by the court en banc, an appeal was taken to this Court. Appellant does not question the sufficiency of the evidence to convict. The only issue is whether the Commonwealth established the corpus delicti of the crime of arson before appellant's confession was received into evidence.

Before the Commonwealth can use a confession, it must first establish the corpus delicti of the crime confessed. *Commonwealth v. Moore*, 466 Pa. 510, 353 A.2d 808 (1976); *Commonwealth v. Patterson*, 247 Pa.Super. 527, 372 A.2d 1214 (1977). The rule is intended to prevent a defendant from being convicted of a crime solely on the basis of his own statements, without independent proof that a crime has in fact been committed. *Commonwealth v. Moore*, supra.

Arson is defined by the Crimes Code, 18 Pa.C.S. § 3301(a) as follows:

1. 18 Pa.C.S. § 3301(a).

"A person commits a felony of the first degree if he intentionally starts a fire or causes an explosion, whether on his own property or on that of another, and thereby recklessly places another person in danger of death or bodily injury."

To establish the corpus delicti it must be shown (1) that a fire occurred, and (2) that it had an incendiary origin. *Commonwealth v. Moore*, supra; *Commonwealth v. Leslie*, 424 Pa. 331, 227 A.2d 900 (1967); *Commonwealth v. Reginelli*, 208 Pa.Super. 344, 222 A.2d 605 (1966). The corpus delicti, however, may be established by circumstantial evidence. *Commonwealth v. Moore*, supra; *Commonwealth v. Patterson*, supra.

In the instant case, the Commonwealth showed that appellant had been separated from his wife and family, who were living with the wife's mother in a home owned by the mother. On the day of the fire, the mother smelled a strong odor of gasoline. She knew that she had kept none on the premises. When she looked out of a first story window, she observed flames shooting up outside the window in the area of a passageway separating her dwelling from that of her neighbor. It was raining at the time the fire was discovered and had been raining for some time prior thereto. A policeman, who arrived minutes after the fire had been extinguished, confirmed the odor of gasoline. A large burn mark was observed on the pavement immediately adjacent to the home.

This was sufficient to establish a fire of incendiary origin. It was not essential to the corpus delicti that there be measurable, physical damage to the dwelling. See: *Commonwealth v. Garrison*, 242 Pa.Super. 509, 364 A.2d 388 (1976); 18 Pa.C.S. § 3301(a). It was enough that the fire, set within two feet of an occupied dwelling, created a substantial and unjustifiable risk of harm to persons residing therein. Cf. *Commonwealth v. McGinnis*, 481 Pa. 394, 392 A.2d 1350 (1978).

The judgment of sentence is affirmed.