498 A.2d 933

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Robert McCABE, Appellant.**

Superior Court of Pennsylvania.

Argued March 20, 1985.

Filed Sept. 18, 1985.

Cyrus P. Dolbin, Pottsville, for appellant.

Kate Dreher, Assistant District Attorney, Pottsville, for Commonwealth, appellee.

Before SPAETH, President Judge, and WIEAND and GEISZ,* JJ.

WIEAND, Judge:

Robert McCabe was tried before a jury on charges of robbery,[1] theft by receiving stolen property,[2] criminal conspiracy,[3] and hindering prosecution.[4] The jury acquitted him of theft and conspiracy, was unable to agree upon a verdict on the robbery charge, and found him guilty of hindering prosecution. The trial court subsequently found the evidence insufficient on the robbery charge and granted a post-trial motion for acquittal. The court refused post-verdict relief on the conviction for hindering prosecution and imposed a sentence of probation. On direct appeal, McCabe asks this Court to decide the following issues:

1. May a defendant be convicted of a crime where there is no independent proof of the commission of that crime, but only the Defendant's statement that he committed such a crime?

2. Even where there is no independent proof of the commission of a crime, may a defendant waive the protec-

* The Honorable John A. Geisz, Senior Judge, of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.

1. 18 Pa.C.S. § 3701.

2. 18 Pa.C.S. § 3925.

3. 18 Pa.C.S. § 903.

4. 18 Pa.C.S. § 5105.

tion of the *corpus delicti* rule, and be convicted upon his own testimony alone?

The information charged appellant with concealing or destroying relevant evidence in the nature of a note found at the scene of a robbery. The police learned of the existence of the note from appellant, who told them he had destroyed it. At trial, the Commonwealth was unable to produce independent evidence that the note existed. Because the Commonwealth was unable to prove the *corpus delicti* of this offense, the trial court sustained an objection to a testimonial reference to appellant's oral statement by Trooper Bordenaro, a witness for the prosecution. On cross-examination, the witness was asked whether appellant had made a statement in which he denied involvement in the crime,[5] and the witness agreed that he had. On redirect-examination, the witness was asked precisely what appellant had said. He was permitted to testify, over objection, that appellant's statement had included "that he found a note at the robbery scene addressed to Diego Robinson, that he put the note into his pocket and that he later destroyed it. The question and answer [were] permitted because defense counsel had 'opened the door' to the entire conversation between defendant and the officer by inquiring as to that part of the conversation which favored the defendant."[6]

The law is clear that "where one party offers part of a conversation, the other is entitled to bring out the balance...." *Commonwealth v. Nelson,* 294 Pa. 544, 546, 144 A. 542, 543 (1929). "If a defendant delves into what would be objectionable testimony on the part of the Commonwealth, the Commonwealth can probe further into the objectionable area." *Commonwealth v. Gonce,* 320 Pa.Super. 19, 37, 466 A.2d 1039, 1049 (1983), quoting *Commonwealth v. McCloughan,* 279 Pa.Super. 599, 604, 421 A.2d 361, 363 (1980); *Commonwealth v. Stakley,* 243 Pa.Super.

5. Presumably, this reference by defense counsel was to the crime of robbery.

6. These facts are taken from a stipulation entered by counsel for both parties in lieu of a transcribed copy of the notes of testimony.

426, 430, 365 A.2d 1298, 1300 (1976). In the instant case, moreover, the receipt of appellant's statement was harmless. Appellant took the stand in his own defense and testified to the same facts which he had related to Trooper Bordenaro on the night of the robbery. Appellant testified "that at the scene of the robbery he had picked up a piece of paper, put it into his pocket, that he had read the note which was addressed to Diego and had later told the State Police that he had gotten rid of the note—had thrown it in the garbage." The decided cases are uniform in holding that error in receiving an extrajudicial statement of the defendant is rendered harmless if the defendant thereafter takes the stand in his own defense and reiterates or corroborates his statement. *Commonwealth v. Saunders,* 459 Pa. 677, 681, 331 A.2d 193, 194 (1975). Accord: *Commonwealth v. Hart,* 471 Pa. 271, 274, 370 A.2d 298, 300 (1977); *Commonwealth v. Cummings,* 466 Pa. 332, 335, 353 A.2d 381, 382 (1976); *Commonwealth v. Rice,* 271 Pa.Super. 425, 429–430, 413 A.2d 739, 741 (1979).

■ As a general rule, a naked extrajudicial confession of guilt by one accused of crime, uncorroborated by independent evidence establishing the corpus delicti, is not sufficient to warrant or support a conviction. 30 Am.Jur.2d Evidence § 1136. Pennsylvania decisions are in accord. *Commonwealth v. Ware,* 459 Pa. 334, 365–366, 329 A.2d 258, 274 (1974); *Commonwealth v. May,* 451 Pa. 31, 32, 301 A.2d 368, 369 (1973); *Commonwealth v. Lettrich,* 346 Pa. 497, 498, 31 A.2d 155, 156 (1943). "The grounds on which the rule rests are the hasty and unguarded character which is often attached to confessions and admissions and the consequent danger of a conviction where no crime has in fact been committed...." *Commonwealth v. Turza,* 340 Pa. 128, 134, 16 A.2d 401, 404 (1940).

■ The rule that an extrajudicial confession does not warrant a conviction unless corroborated by independent evidence of a corpus delicti has no application to judicial admissions. 30 Am.Jur.2d Evidence § 1139. See also: *State v. Schomaker,* 303 N.W.2d 129 (Iowa 1981); *Com-*

*monwealth v. Granese,* 37 Montg. 15 (Pa.1920). Judicial admissions are deliberately made under oath during formal proceedings and are generally free from the inherent infirmity of verbal confessions made out of court. 30 Am. Jur.2d Evidence § 1139.

■ Appellant's in-court testimony was neither hasty nor unguarded. It was made after consulting with counsel, was made under oath during trial, and was exculpatory with respect to the more serious charges which had been brought against him. His testimony, which admitted the destruction of evidence, was sufficient, if believed, to warrant a finding that he had concealed and destroyed evidence.

The judgment of sentence is affirmed.

SPAETH, President Judge, files a dissenting opinion.

SPAETH, President Judge, dissenting:

I do not believe that the Commonwealth has carried its burden of establishing the *corpus delicti* by evidence independent of appellant's confession or admission. Accordingly, I should reverse the judgment of sentence.

> The general rule that governs this case is well settled: The corpus delicti may not be established by a confession or admission standing alone. It follows that a confession or admission alone cannot support a conviction. Putting it conversely, a confession or admission must be corroborated by independent evidence of the corpus delicti. The burden is on the prosecution to prove the corpus delicti. This may be accomplished by either direct or circumstantial evidence.
>
> Wharton, 1 *Criminal Law,* § 28 at 144–50 (C.E. Torcia 14th ed. 1978) (footnotes omitted).

*See also Commonwealth v. Byrd,* 490 Pa. 544, 556, 417 A.2d 173, 179 (1980) ("... a criminal conviction may not stand merely on the out of court confession of one accused, and thus a case may not go to the fact finder where independent evidence does not suggest that a crime has

occurred."); *Commonwealth v. Moyer*, 277 Pa.Super. 172, 175, 419 A.2d 717, 718 (1980) (collecting cases) ("Before the Commonwealth may introduce a defendant's confession, it must first establish by independent evidence that a crime in fact occurred.") (citations omitted); *Commonwealth v. Shoff*, 273 Pa.Super. 377, 379, 417 A.2d 698, 699 (1980). ("Before the Commonwealth can use a confession, it must first establish the corpus delicti of the crime confessed. The rule is intended to prevent a defendant from being convicted of a crime solely on the basis of his own statements, ...") (citations omitted).

Appellant was convicted of the crime of hindering prosecution. *See* 18 Pa.C.S. § 5105.[1] The charge was based, according to the information, on appellant's act of "conceal[ing] or destroy[ing] evidence of a crime, namely: a note addressed to [a co-conspirator.]" R. at 2, ¶ 6. While there is no transcript of appellant's trial, the parties stipulated that the evidence upon which appellant was convicted consisted solely of Trooper Bordenaro's testimony, on redirect, that appellant told him that he had found and destroyed the note, and appellant's testimony, on cross-examination, that recounted "essentially ... the same facts." R. at 13, incorporating Slip op. of tr. ct. at II, III; Slip op. of tr. ct. at 5. The record thus contains no independent evidence that the note existed, or that appellant concealed and destroyed it with the intent of hindering the prosecution of a crime. *See Commonwealth v. May*, 451 Pa. 31, 32, 301 A.2d 368, 369 (1973); *Commonwealth v. Herman*, 288 Pa.Super. 219, 230–31, 431 A.2d 1016, 1022 (1981) (proof of *corpus delicti* consists of independent evidence that a loss has occurred and that its cause was more likely to have been criminality

---

**1.** Section 5105 of the Crimes Code, 18 Pa.C.S. § 5105 provides in part:
**§ 5105. Hindering apprehension or prosecution**
**(a) Offense defined.**—A person commits an offense if, with intent to hinder the apprehension, prosecution, conviction or punishment of another for crime, he:

        \*     \*     \*     \*     \*     \*

(3) conceals or destroys evidence of the crime, or tampers with a witness, informant, document or other source of information, regardless of its admissibility in evidence;

than accident). I believe, therefore, that this case falls squarely within the rule cited above.

The majority reasons that Trooper Bordenaro's testimony on redirect was admissible because on cross-examination appellant's counsel had "opened the door" to admission of appellant's entire statement to the officer. At ——. The issue before us, however, is not resolved by a decision on the admissibility of the trooper's testimony. In *Commonwealth v. Ware*, 459 Pa. 334, 329 A.2d 258 (1974), the Supreme Court held that the *corpus delicti* rule is not addressed to the conditions under which a confession is admissible, although many cases frame the rule in such terms, but rather is "a formulation of the required proof to take the case to the trier of fact or to sustain a finding of guilt." *Id.*, 459 Pa. at 366 n. 41, 329 A.2d at 274 n. 41 *quoting* McCormick *Handbook of the Law of Evidence*, § 158 at 347 (E. Cleary 2d ed. 1974). Thus, "reversible error is not committed when a confession is accepted before such corroborating evidence is produced if, before the evidence closes, independent proof of the *corpus delicti* is placed in the record." McCormick, *Handbook on the Law of Evidence*, § 145 at 366 (E. Cleary 3rd ed. 1984). *See also Commonwealth v. Brusky*, 219 Pa.Super. 54, 57, 280 A.2d 826, 828 (1971); *Commonwealth v. Ferguson*, 162 Pa.Super. 199, 202, 56 A.2d 360 (1948). The fact that Trooper Bordenaro's testimony may have been properly admitted, therefore, does not dispense with the requirement, not complied with here, that the Commonwealth introduce *some* independent evidence corroborating appellant's admission.

The only other evidence that the crime in fact occurred was appellant's reiteration of his statement to Trooper Bordenaro in response to questions put to him on cross-examination. The issue before us, therefore, is whether the Commonwealth may satisfy the *corpus delicti* rule through testimony it elicits from a defendant who decides to testify. This issue has not been considered by a Pennsylvania appellate court, and it is not easily resolved, for it falls squarely between two well-established principles, each of which

would, if followed, compel a different result. On the one hand, it is clear, as the majority recognizes, that a defendant may not be convicted on the basis of his confession alone; there must be independent evidence establishing the *corpus delicti. See, e.g., Commonwealth v. Ware, supra,* 459 Pa. at 365–66, 329 A.2d at 274. On the other hand, it is equally clear that he *may* be convicted if he voluntarily and knowingly pleads guilty. *See, e.g., Commonwealth v. Little,* 455 Pa. 163, 165–66 n. 1, 314 A.2d 270, 271 n. 1; *Commonwealth v. Lewis,* 295 Pa.Super. 61, 65, 440 A.2d 1223, 1225 (1982).

The majority, instead of referring to a defendant's guilty plea, uses the term "judicial admission"[2]. The majority then reasons that a defendant's inculpatory response to cross-examination is sufficiently similar to a guilty plea to enable us to sustain his conviction on the basis of his uncorroborated statement alone. I find this reasoning unpersuasive.

In the first place, the majority fails to note that before the court may accept a guilty plea it must satisfy itself that the crime in fact occurred. It does this by ascertaining whether a factual basis for the plea exists. *See* Pa.R. Crim.P. 319(a); *Commonwealth v. Hines,* 496 Pa. 555, 560, 437 A.2d 1180, 1182 (1981) (collecting cases); *Common-*

---

**2.** The authority cited by the majority in support of the proposition that a "judicial admission" may, without more, serve to satisfy the *corpus delicti* requirement makes clear that the term refers to a guilty plea. 30 *Am.Jur.* 2d *Evidence* § 1139 states:

**§ 1139.—Judicial confessions.**

The rule that a confession does not warrant a conviction unless corroborated is generally held applicable to extrajudicial confessions only, and not, in the absence of statutes to the contrary, to judicial confessions. Some jurisdictions have recognized this rule by legislative enactment. The reason for this distinction is said to be that judicial confessions are deliberately made and, being reduced to writing, subscribed by the prisoner, and certified by a magistrate, or consisting of a solemn plea made at the bar of the court and entered of record, are precisely identified and free from the inherent infirmity of all mere verbal confessions made out of court, resting in the memory of witnesses, and depending for their value upon the fidelity and accuracy of their repetition.
(footnotes omitted).

*wealth v. Maddox*, 450 Pa. 406, 300 A.2d 503 (1973). The court has considerable leeway in satisfying this requirement. For example, the Commonwealth may make an offer of proof, *see, e.g., Commonwealth v. Manning*, 263 Pa.Super. 430, 398 A.2d 212 (1979), or defense counsel may stipulate to the facts, *see, e.g., Commonwealth v. Maddox, supra* 450 Pa. at 411, 300 A.2d at 506. After the court determines that there is a factual basis for the plea, and before it accepts the plea, it must present the facts to the defendant and he must acknowledge that they are true. Failure either to ascertain the factual basis for the plea, *see Commonwealth v. Hines, supra, Commonwealth v. Reno*, 303 Pa.Super. 166, 449 A.2d 630 (1982); *Commonwealth v. Stolle*, 254 Pa.Super. 483, 386 A.2d 53 (1978), or to obtain an accused's acknowledgment, *see Commonwealth v. Manning, supra*, may invalidate the plea. The purpose of the factual basis requirement is that "[i]t assures that a defendant who seeks to plead guilty is in fact guilty.... [u]nless a factual basis is required, the risk of innocent persons being adjudicated guilty is enhanced." ABA Standards for Criminal Justice, § 14–1.6(a), comment. Thus, the requirement serves the same purpose served by the *corpus delicti* rule. *See Commonwealth v. Turza*, 340 Pa. 128, 134, 16 A.2d 401, 404 (1940) (Policy underlying *corpus delicti* rule is "the hasty and unguarded character which is often attached to confessions and admissions and the consequent danger of conviction where no crime has in fact been committed; ....")

In addition, the majority's reasoning is unsupported by, or contrary to, such facts as are disclosed by the record. As I have said, no trial transcript has been provided to us. The opinion of the trial court, to which counsel have stipulated, *see* R. at 13, tells us neither the context in which appellant made his statements, the question or questions to which he responded, or what he said. So far as the record discloses the facts, however, it shows that the majority's

analogy, or equation, of appellant's testimony with a guilty plea is faulty.[3]

"[A] guilty plea is not only an admission of conduct but also is an admission of all the elements of a formal criminal charge, and constitutes the waiver of constitutionally-guaranteed rights[.]" *Commonwealth v. Hines, supra* 496 Pa. at 559, 437 A.2d at 1183. It is because the decision to plead guilty is so momentous, with such grave consequences, that the court must engage in the colloquy with the defendant. It is through the colloquy that the court guards against the possibility that it will accept a plea from an innocent defendant, or a plea that is hasty, unknowing, or involuntary. *See* Pa.R.Crim.P. 319(a) and comment. Also, it is through the colloquy that the court impresses the defendant with the "grave and solemn [nature of his] act," *see Commonwealth v. Sanutti,* 454 Pa. 344, 349, 312 A.2d 42, 44 (1973) *citing Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), and provides a "dignified procedure designed to impress the defendant with its fairness and concern for his rights." Hoffman, "Rule 11 and the Plea of

3. The only appellate authority cited by the majority in support of its view is *State v. Schomaker,* 303 N.W.2d 129 (Iowa 1981). In that case the defendant was first tried for robbery. His defense was alibi. On direct examination he testified that at the time of the robbery he was in another town, selling drugs. After he was acquitted of the robbery, he was charged with delivering a controlled substance. He was convicted on this charge, the only evidence, apparently, being his testimony at the robbery trial. On appeal, the issue before the Iowa Supreme Court was the construction of Iowa R.Crim.P. 20(4), which provides:

> Confession of defendant. The confession of the defendant, unless made in open court, will not warrant a conviction, unless accompanied with other proof that the defendant committed the offense. *Cited in State v. Shomaker, supra* at 130.

The court noted that the case turned on what the legislature intended by using the term "open court." It concluded that the legislature had intended the term to be read broadly to "encompass[ ] any court where a defendant is protected against compulsion, coercion, or other improper persuasion", and that in the case before it, the defendant's confession was made in such a court, for his statement was a deliberate, counselled decision to establish his alibi defense and "was made under questioning by his own lawyer." *Id.* at 132. Here, however, we have no such statute; the facts of the case, as far as we can know them, do not suggest a deliberate and counselled strategy decision by appellant to make a confession; and the questions were not put to appellant by his own counsel.

Guilty," 45 F.R.D. 149 (1967) *quoted in Commonwealth v. Maddox, supra* 450 Pa. at 409, 300 A.2d at 504–05. And even after the colloquy, we do not insist that the decision to plead guilty was irrevocable, for we provide that prior to sentencing, the court should "liberally allow[]" the defendant to withdraw his plea. *See Commonwealth v. Forbes,* 450 Pa. 185, 190, 299 A.2d 268, 271 (1973).

Appellant here enjoyed no such protection. It is true, as the majority notes, that appellant made his inculpatory statement while he was under oath and while he enjoyed the assistance of counsel.[4] Nevertheless, he made the statement, not as a deliberate and considered decision to plead guilty, but rather in response to a question put to him on cross-examination. A principal purpose of cross-examination is to test the credibility of a witness by "exploring [the] details and implications [of the witness's testimony], in the hope of disclosing inconsistencies or impossibilities; and, ... to prove out of the mouth of the witness, impeaching facts known to the cross-examiner such as prior contradictory statements, bias and conviction of crime." McCormick, *Handbook on Evidence, supra* at 66. Practitioners are advised on techniques that will best serve this purpose. For example, to question a witness suspected of falsifying, one is advised to "jump quickly with rapid-fire questions from one point of the narrative to the other, without time or opportunity for a connected narrative: backward, forward, forward, backward from the middle to the beginning, etc." Ramage, "A Few Rules for the Cross-Examination of Witnesses," 91 *Cent.L.J.* 354 (1920), *cited in id.* at 67. As McCormick notes, while cross-examination is a "useful device," it "has its own hazards of producing errors[,]" for "[i]t is, in truth, quite doubtful whether it is not the honest, but weak or timid witness, rather than the rogue, who most

---

4. Majority at 500. The opinion states that appellant's statement was made "after consulting with counsel." I take this to mean that appellant's decision to take the stand in his own defense was made after consultation with counsel. There is no indication in the record that appellant's response to the Commonwealth's questions was made after consulting with counsel, or that counsel knew or could have known the questions the Commonwealth intended to ask.

often goes down under the fire of a cross-examination." *Id.* at 68–69.

I conclude, therefore, that appellant's testimony on cross-examination was not analogous to a guilty plea but to a confession. Since apart from the confession there was no evidence of the crime, appellant should not have been convicted.

The judgment of sentence should be reversed and appellant discharged.