J-S59022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SHARIF EDNEY, | |
| Appellant | No. 808 EDA 2015 |

Appeal from the Judgment of Sentence of February 19, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003519-2013

BEFORE: BENDER, P.J.E., OLSON and FITZGERALD,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED SEPTEMBER 14, 2016**

Appellant, Sharif Edney, appeals from the judgment of sentence entered on February 19, 2015. We affirm.

The factual background and procedural history of this case are as follows. While traveling on patrol on February 23, 2013, Officer Joseph Domico witnessed Appellant holding a clear plastic bag on the street corner. Officer Domico parked his vehicle to conduct surveillance of Appellant. A vehicle then pulled up to the corner, Appellant reached into the vehicle with the bag in his hand, and when his hand exited the vehicle Appellant appeared to be holding currency. Officer Domico radioed to fellow officers who pulled over the vehicle and arrested its occupant, Gloria Alston ("Alston"), for possessing 15 packets of crack cocaine.

---

* Former Justice specially assigned to the Superior Court.

Officer Domico returned to the scene of the drug transaction and arrested Appellant. Officer Domico recovered $270.00 in United States currency and a cell phone from Appellant. Officer Domico's supervisor then searched the cell phone to determine the last phone call made by Appellant.

On March 26, 2013, Appellant was charged via criminal information with possession of a controlled substance[1] and possession with intent to deliver a controlled substance.[2] On May 21, 2013, Appellant filed an omnibus pre-trial motion which included a suppression motion. At the conclusion of the suppression hearing on September 11, 2013, the suppression court denied the motion.

Trial commenced on December 1, 2014. On December 4, 2014, Appellant was convicted of possession with intent to deliver a controlled substance. On February 19, 2015, Appellant was sentenced to 6 to 12 months' imprisonment. This timely appeal followed.[3]

Appellant presents one issue for our review:

Where [Appellant] had his cell phone searched without a valid search warrant, was not such search in violation of the Fourth and Fourteenth Amendments of the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution, and

---

[1] 35 P.S. § 780-113(a)(16).

[2] 35 P.S. § 780-113(a)(30).

[3] On March 23, 2015, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). **See** Pa.R.A.P. 1925(b). On July 21, 2015, Appellant filed his concise statement. On September 10, 2015 the trial court issued its Rule 1925(a) opinion. Appellant included his lone issue on appeal in his concise statement.

therefore should not the evidence subsequently seized by the police from the phone have been suppressed?

Appellant's Brief at 3.

Our "standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." *Commonwealth v. Garibay*, 106 A.3d 136, 138 (Pa. Super. 2014), *appeal denied*, 123 A.3d 1060 (Pa. 2015) (citation omitted). "[O]ur scope of review is limited to the factual findings and legal conclusions of the suppression court." *In re L.J.*, 79 A.3d 1073, 1080 (Pa. 2013) (citation omitted). "We may consider only the Commonwealth's evidence and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole." *Commonwealth v. Gary*, 91 A.3d 102, 106 (Pa. 2014) (citation omitted).

Appellant argues that the search of his cell phone was unconstitutional. The suppression court held that the search was a lawful search incident to arrest. After the suppression court denied Appellant's suppression motion, however, the Supreme Court of the United States issued its decision in *Riley v. California*, 134 S.Ct. 2473 (2014), which held that the search of a defendant's cell phone without a warrant violates the Fourth Amendment. *Id.* at 2485-2493. The High Court concluded that a search of a defendant's cell phone is, under most circumstances, not a lawful

search incident to arrest. ***See id.*** at 2494. After ***Riley***, this Court adopted the same rationale in holding that the warrantless search of a cell phone violates the Pennsylvania Constitution. ***See Commonwealth v. Stem***, 96 A.3d 407, 414 (Pa. Super. 2014).

The Commonwealth correctly refuses to defend the suppression court's pre-***Riley*** rationale. ***Riley*** is directly on point and there were no "other case-specific exceptions" to the warrant requirement in this case. ***See Riley***, 134 S.Ct. at 2494. Thus, the suppression court erred by denying Appellant's suppression motion.

The Commonwealth argues that the suppression court's error in this case was harmless. "Before a federal constitutional error can be held harmless on direct appeal, this Court must be able to declare a belief that it was harmless beyond a reasonable doubt." ***Commonwealth v. Brown***, 139 A.3d 208, 220 (Pa. Super. 2016) (internal alterations and citation omitted).

As this Court has explained, an error is harmless when improperly admitted evidence merely corroborates the defendant's trial testimony. ***Commonwealth v. McCabe***, 498 A.2d 933, 934 (Pa. Super. 1985) (collecting cases). The Commonwealth introduced the information recovered from Appellant's cell phone in order to establish that Appellant was in contact with Alston. At trial, however, Appellant testified that Alston called him seeking directions because she was lost in Philadelphia. N.T., 12/3/14,

24-25. Appellant testified that he reached in Alston's vehicle to give her directions, not to exchange drugs. *See id* at 52-53. Thus, the erroneously admitted evidence merely corroborated Appellant's testimony. Accordingly, although the suppression court erred in denying Appellant's suppression motion, that error was harmless beyond a reasonable doubt.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/14/2016